Sharon RICHARDSON, Petitioner–
Appellant,

v.

Elaine A. LORD, Superintendent of the
Bedford Hills Correctional Facility;
Eliot L. Spitzer, Attorney General of
the State of New York, Respondents–
Appellees.

Docket No. 00–2542.

United States Court of Appeals,
Second Circuit.

March 16, 2001.

Kelly P. Wilson, Paul, Weiss, Rifkind,
Wharton & Garrison, New York, NY, for
appellant.

Anne C. Feigus, District Attorney's Of-
fice, Brooklyn, NY, for appellee.

Before MESKILL, PARKER, and
SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the decision of said
district court be and it hereby is AF-
FIRMED.

Sharon Richardson appeals from a judg-
ment of the district court denying her
petition for a writ of habeas corpus pursu-
ant to 28 U.S.C. § 2254. Petitioner claims
that her conviction was obtained through
the state's unwitting reliance on material,
perjured testimony, in violation of her fed-
eral due process rights.

Ms. Richardson was tried in 1991 before
a jury in Kings County, New York and
convicted of second degree murder and
first degree conspiracy in connection with
the May 5, 1990 murder of her boyfriend,
Jeffrey Bridges. Bridges was stabbed by
the state's primary witness, Dwayne

**2**

Mitchell, and four others. Mitchell testified that petitioner hired him to murder Bridges. Five years later, in December 1996, Mitchell recanted his testimony.

In 1997, petitioner filed a motion pursuant to N.Y.Crim.Proc.L. § 440.10 seeking to vacate the judgment, or in the alternative, seeking a new trial on the grounds of: ineffective assistance of counsel; and newly discovered evidence. In June 1998, the trial court granted petitioner a limited hearing on the ineffective assistance of counsel claim. The trial court denied Ms. Richardson's motion to vacate her conviction in its entirety. The court found the affidavits of Mitchell and his accomplices to be incredible and concluded that petitioner had failed to show that the result would probably be different in the event of a new trial.

After exhausting state remedies on all matters for which review was sought, petitioner filed a petition for writ of habeas corpus in the Eastern District of New York on March 9, 1999.

■ The district court correctly determined that 28 U.S.C. § 2254(d)(1) ("AED-PA") bars habeas relief because the state court determination was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Specifically, there is no clearly established Supreme Court holding supporting the defendant's claim that the alleged unknowing use of perjured testimony at trial by the prosecution constitutes a due process violation. *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ The district court also correctly concluded that the factual determination of the state court, that the recantation and supporting affidavits were not credible, is entitled to the presumption of correctness.

*See* 28 U.S.C. § 2254(e)(1). Moreover, as the district court properly concluded, the record before the state court and the district court—which included the trial evidence, the guilty plea allocutions of the recanter and three of his accomplices, and the defendant's post-conviction hearing testimony upon a related issue—was more than sufficient to render unnecessary an evidentiary hearing upon the recantation issue.

For the reasons set forth above, the judgment of the district court is AFFIRMED.